UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PEARSON, | No. 2:20-cv-02335-MCE-KJN |
| Plaintiff, | |
| v. | **ORDER** |
| KAISER FOUNDATION HOSPITALS; PERMANENTE MEDICAL GROUP, INC.; and COMMONSPIRIT HEALTH, | |
| Defendants. | |

On November 22, 2021, this Court granted the parties' stipulation to extend the fact discovery deadline to January 13, 2022. ECF No. 23. Subsequently, on December 7, 2021, the Court granted the parties' second stipulation, this time ordering that the deadline to complete non-expert discovery is March 14, 2022. ECF No. 25. Presently before the Court is Plaintiff James Pearson's ("Plaintiff") ex parte Motion to Continue Fact Discovery Deadline, which seeks to extend the fact discovery deadline to fourteen (14) days from the date the Court grants the Motion. ECF No. 26. To date, Defendants have not opposed or otherwise responded to the present Motion. For the reasons set forth below, Plaintiff's Motion is GRANTED.

Generally, the Court is required to enter a pretrial scheduling order within 90 days of service of the complaint. Fed. R. Civ. P. 16(b). The scheduling order "controls the

1

course of the action" unless modified by the Court.  Fed. R. Civ. P. 16(d).  "Once the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16[1] which established a timetable for amending pleadings that rule's standards control[s]."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992).

      Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment.  Id. at 609.  The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment).  Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.  Johnson, 975 F.2d at 609.  Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  Id. (citing Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985)).  If the moving party was not diligent, the Court's inquiry should end.  Id.

      According to Plaintiff, the parties have completed written discovery and taken various depositions between December 2021 and February 2022.  Karbelashvili Decl., ECF No. 26-1 ¶¶ 2–7.  On February 11, 2022, Plaintiff's counsel emailed defense counsel notifying him that Plaintiff sought two additional depositions and proposed potential dates for later in the month.  Id. ¶ 8; Ex. A, ECF No. 26-2, at 12 (email communications).  Defense counsel responded that the February dates were not going to work and that the parties should meet and confer as to one of the proposed depositions.  Karbelashvili Decl., ECF No. 26-1 ¶ 9; Ex. A, ECF No. 26-2, at 11.  The parties communicated about the depositions by phone and email even after the March 14, 2022, fact discovery deadline.  See Karbelashvili Decl., ECF No. 26-1 ¶¶ 10–15.  On April 1, 2022, Plaintiff took one of the depositions "because there were no mutually convenient dates available before the March 14, 2022 fact discovery deadline."  Id. ¶ 16.

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

As for the second deposition, Plaintiff's counsel emailed defense counsel on April 13, 15, and 20, 2022, and on April 25, defense counsel finally responded stating, "Sorry for the delayed response, but please allow to the end of this week for a response on this issue." Id. ¶¶ 17–18; see Ex. A, ECF No. 26-2, at 2–4.  However, Plaintiff's counsel did not receive any further communication from defense counsel and on May 4, 2022, Plaintiff's counsel emailed defense counsel "notifying him that a motion with the Court would be filed unless Plaintiff hears back from Kaiser by May 6, 2022." Karbelashvili Decl., ECF No. 26-1 ¶ 18; Ex. A, ECF No. 26-2, at 2.  On May 10, 2022, the parties met and conferred by phone, during which time defense counsel asked "to give him until May 13, 2022, to provide a response to Plaintiff's [second] deposition request before seeking any relief by motion." Karbelashvili Decl., ECF No. 26-1 ¶ 19.  Plaintiff's counsel agreed, but to date, no further communication has been received.  Id.

      Based on the above, Defendants were aware of Plaintiff's deposition requests on February 11, 2022, over a month before the current discovery deadline.  The parties also communicated about the depositions after the close of fact discovery on March 14, 2022. Plaintiff has provided a copy of the emails exchanged between counsel, demonstrating that Plaintiff has been diligent before and after the close of fact discovery in seeking its two proposed depositions, with one of the depositions even taking place after the close of discovery on April 1, 2022.  Accordingly, the Court finds good cause to extend the fact discovery deadline and thus, Plaintiff's ex parte Motion, ECF No. 26, is GRANTED.  The deadline to complete non-expert discovery shall be completed within fourteen (14) days from the issuance of this Order.  This Order does not modify any other deadlines.

      IT IS SO ORDERED.

DATED: May 27, 2022

_____
MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE